UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


AARON E. COLYER                        )
                                       )
v.                                     )          NO. 2:05-CV-
                                       )
SULLIVAN COUNTY, TENNESSEE             )
SHERIFF'S DEP'T[1]                     )


**MEMORANDUM and ORDER**


Aaron E. Colyer, a *pro se* prisoner, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. His application to proceed *in forma pauperis* is **GRANTED**. The Clerk is **DIRECTED** to file this action without prepayment of the filing fee and to serve a copy of the petition and this order on the respondent and the Attorney General for the State of Tennessee. Rule 4, Habeas Corpus Rules. However, for the following reasons, the respondent will not be ordered to answer the petition and this case will be dismissed without prejudice.

---

[1] An applicant in present custody pursuant to a state court judgment in question should name the state officer having actual custody as the respondent. Rule 2(a), Rules—Section 2254 Cases. In this case, it appears that the petitioner's custodian is the Sheriff of Sullivan County.

The petitioner alleges that, on April 30, 2004, pursuant to his guilty pleas, he was convicted in the Sullivan County Criminal Court of possession of over ½ ounce of marijuana for resale (Count one) and of possession of drug paraphernalia (Count two). On July 15, 2005, the petitioner received a one-year prison term at 30% on the first count; "01 days" on the second count; and alternative sentencing placement. (Pet. at ¶¶ 2 and 3).

A petitioner cannot seek a writ of habeas corpus until he demonstrates that he has exhausted his available state remedies or that resort to them would be useless. 28 U.S.C. §2254 (b)(1) and (c); *Rose v. Lundy*, 455 U.S. 509 (1982). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). The exhaustion principles apply here. A post-conviction remedy is offered to Tennessee's prisoners who wish to obtain collateral review of their convictions. *See* Tenn. Code. Ann. § 40-30-101 *et seq*. Since the petitioner has never sought post-conviction relief[2] and since, seemingly, a post-conviction action offers him an available state court avenue for

---

[2] He avers that he filed a state application for habeas corpus relief; that it was denied on May 4, 2005; and that he has not filed an appeal because he does "not know how" and does "not have counsel."

redress of his claims of illegal confinement,[3] it does not appear that he has  exhausted his state court remedies. At any rate, it is the petitioner who bears the burden of showing exhaustion of state remedies and he has not borne it.

Accordingly, this § 2254 action will be **DISMISSED** without prejudice for non-exhaustion of state remedies.  28 U.S.C. § 2254.

A separate order will enter.

ENTER:


 s/Thomas Gray Hull
                THOMAS GRAY HULL
                SENIOR U. S. DISTRICT JUDGE

---

[3] Tenn. Code Ann. § 40-30-102 provides, in relevant part, as follow:

> "[A] a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred."